IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LUE WILSON as next friend of § | |
| BILLY RAY JOHNSON § | |
| and LUE WILSON, § | |
|     Plaintiffs, § | CIVIL ACTION NO. 5-07-CV-99 (TJW) |
| § | |
| v. § | |
| § | |
| DONALD W. DOWD et. al,. § | |
|     Defendants. | |

## ORDER

This order addresses the defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6) and 12(b)(1)(# 30, 37, 39, and 42). The plaintiffs, Lue Wilson and Billy Ray Johnson[1] filed a consolidated response to the defendants' motions to dismiss. For the following reasons, the court GRANTS the defendants' motions to dismiss with respect to (a) Defendants Burgess and Dowd and (b) the plaintiffs' federal law claims. Leave to amend is granted with respect to plaintiffs' claims against certain defendants.

**I.   Introduction**

Lue Wilson filed this case on his own behalf and on behalf of Billy Ray Johnson as next friend. The plaintiffs filed suit against the defendants for actions arising out of a state court guardianship proceeding and a state civil suit stemming from injuries Mr. Johnson received from an assault. Defendant Beachum was Mr. Johnson's court appointed temporary guardian at the time this case was filed. Defendants Thomas Johnson and Glenn Perry were counsel to Ms. Beachum during

---

[1] Mr. Wilson files suit on Mr. Johnson's behalf as next friend. The defendants object to Mr. Wilson filing suit as next friend of Mr. Johnson. As discussed in this Order, the court declines to address whether Mr. Wilson is entitled to file suit as next friend of Mr. Johnson. For the purposes of this Order, the court considers Mr. Wilson and Mr. Johnson to be the plaintiffs.

the guardianship proceeding. Defendant Dees was counsel to Mr. Johnson, and Judges Ralph K. Burgess and Donald W. Dowd are Texas State Court Judges who presided over matters in the state court proceedings.

## II.     Governing Law

### A. Federal Rule of Civil Procedure 12

The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiffs' obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 1965. The court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams,* 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

### B. Judicial Immunity

"Like all other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco,* 502 U.S. 9, 11 (1991)(citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* (citing *Peterson v. Ray,* 386 U.S. 547, 554 (1967)(stating that "immunity applies even when the judge is accused of acting maliciously and corruptly"). The Supreme Court makes "clear that the immunity is overcome in only two sets of

2

circumstances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity." "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*(citing *Forrester v. White,* 484 U.S. 219, 227-229 (1988)).

**C. State Action**

The plaintiffs allege that the defendants violated the plaintiffs' rights secured by 42 U.S.C. §1983 and 42 U.S.C. §1985 as well as the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States. *See* ¶ 1 of the Original Complaint. With the exception of §1985, these statutes and Constitutional Amendments provide protection from the state, not private individuals. *See Bd. of Regents v. Roth,* 408 U.S. 564 (1972); *United States v. Bazan*, 807 F.2d 1200 (5th Cir. 1986); *Rendell-Baker v. Kohn*, 457 U.S. 7830 (1982); *American Mfrs. Mut. Ins. Co.*

To recover under §1983, the plaintiffs must establish that they were deprived of constitutional rights and that the alleged deprivation was "committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Like §1983, the Fourteenth Amendment also requires state action. "Embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be." *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (citing *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974)). "As a general matter the protections of the Fourteenth Amendment do not extend into 'private conduct abridging individual rights.'" *Id.* (citing *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961)). In sum, each of the plaintiffs' claims, except for their 42 U.S.C. §1985

claim, requires as an essential element, state action.

The Supreme Court has used multiple tests to determine whether private conduct may be charged to the state. *See Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). First, "[u]nder the public function test, a 'private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state.'" *Id.* (citing *Wong v. Stripling,* 881 F.2d 200, 202 (5th Cir. 1989). Very few functions have been "exclusively reserved to the State." *Id.* Second, in describing the state compulsion test, the Supreme Court has stated that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky,* 457 U.S. 991 (1982). The "state's mere acquiescence in private conduct, even where authorized by statute, will not transform that conduct into state action." *Bass v. Parkwood Hospital*, 180 F.3d at 242. Finally, "[u]nder the nexus or joint action test, state action may be found where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Id.* (citing *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345 (1974)). "Under any formula, however, the inquiry into whether private conduct is fairly attributable to the state must be determined based on the circumstances of each case." *Id.*

A private citizen does not ordinarily become a state actor "merely by filing a private civil action, even where authorized by state statutes." *Bass v. Parkwood Hospital*, 180 F.3d at 242. "[N]o state action is involved when the state merely opens its tribunals to private litigants." *Hollis v. Itawamba Country Loans*, 657 F.2d 746 (5th Cir. 1981). Likewise, "[a] private citizen does not become a state actor by initiating civil commitment procedures against another person." *Bass v.*

*Parkwood Hospital*, 180 F.3d 234, 242 (5th Cir. 1999)(citing *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980)).

**III.  Alleged Facts**

Billy Ray Johnson suffered disabling injuries resulting from an assault.  In response to this assault, Mr. Wilson brought suit on behalf of plaintiff Johnson.  Judgment was entered in favor of Mr. Johnson for $9 million in state court.

The Complaint alleges that defendants Thomas Johnson, Glenn Perry, and Morris Dees are licensed attorneys and that they "encouraged, counseled, motivated, and aided defendant Beauchum [sic] to take 'control' of plaintiff Johnson." Complaint at ¶ 11.  Additionally, the Complaint alleges that Defendants Dees, Johnson, and Perry "procured a temporary guardianship over plaintiff Johnson, without the involvement of plaintiff Wilson." *Id.* at ¶ 12.  The Complaint further alleges that Judge Dowd participated:

> "in this matter by entering orders to allow for the guardianship, resulting in the detention of plaintiff Johnson against his wishes.  This was done based upon the filings by the defendant attorneys and Dowd did not properly protect the rights and privileges of plaintiff Johnson by failing to appoint him counsel, and to provide adequate notice to either plaintiff at a time to gainfully relate to the matter to avoid the unmerited detention of plaintiff Johnson."

*Id.*

Furthermore, the Complaint alleges that:

> Defendant Beauchum [sic] allowed herself to be used to relate to the efforts of the aforementioned defendants.  She became the guardian and authorized the continued housing of plaintiff Johnson in defendant Ellisor facility, and then they all acting in concert denied plaintiff Johnson the right and ability to see and interact with plaintiff Wilson and the family and friends of plaintiff Johnson.

*Id.* at ¶ 13.

The Complaint also alleges that:

> Defendant Ellsior [sic] had engaged in efforts to aid the aforementioned defendants [the Complaint does not identify which defendants] in 'burying' plaintiff Johnson in her facility to help maintain the unmerited detention achieved through violation of law, and due and equal process owed to plaintiff Johnson.

*Id.* at ¶ 14.

Finally, the Complaint alleges that Judge Burgess "aided and acted in concert to further deny due and equal process to the plaintiff [the Complaint does not identify which named plaintiff allegedly suffered harm] by continuing cases and 'excusing' plaintiff Wilson from jury service in an effort to make him available for the defendant attorneys to be able to depose him. In these violations, Burgess 'excused' plaintiff Wilson to both appear and be considered for jury service, as decreed by Batson and the progeny of cases, as well as the constitutional provisions applicable to the dual rights involved in jury duty and service." *Id.* at ¶ 15. The court notes that the Complaint does not allege any racial or class-based animus toward either plaintiff.

### IV. Defendants Dowd and Burgess are Immune

The plaintiffs pleaded nothing that allows the court to invade the umbrella of protection provided by judicial immunity with respect to Judges Dowd and Burgess. While it is clear that the plaintiffs do not agree with the judicial actions taken by Judges Dowd and Burgess based on paragraphs 12 and 15 of the complaint, they do not plead any facts that pierce the judicial immunity doctrine. The court finds that Judges Dowd and Burgess are protected by absolute immunity from this suit. The court dismisses all claims against them with prejudice.

### V. State Action

Using any of the tests articulated by the Supreme Court, the private defendants' actions in this case do not constitute state action. The facts alleged in the Complaint demonstrate that the only

relationships that defendants Johnson, Perry, Dees, Ellisor, and Beachum had with any state officials were as litigants and participants in court proceedings. The plaintiffs plead no facts that demonstrate any other relationships between the defendants.[2] The plaintiffs allege that the defendants violated various portions of the Bill of Rights, the Fourteenth Amendment, and 42 U.S.C. §1983 simply because they initiated and/or participated in state court proceedings and complied with the judges' rulings in those proceedings. As indicated above, such conduct fails to support a finding of state action, absent further allegations. The court finds that the plaintiffs have failed to state claims for which relief can be granted with respect to their First, Fourth, Fifth, and Fourteenth Amendment Claims as well as their 42 U.S.C. §1983 claim.

The next issue for the court is the plaintiffs' 42 U.S.C. §1985 claim. Section 1985 requires the conspiracy to be motivated by racial animus. *See World of Faith Outreach Center, Inc. v. Sawyer*, 90 F.2d 118, 123 (5th Cir. 1996). The complaint is bereft of sufficient allegations. *See United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO, et al., v. Scott et al.,* 463 U.S. 825, 829 (1983).

## VI.  Conclusion

The defendants argue that Mr. Wilson has not established that he is a proper "next friend" for purposes of bringing suit on behalf of Mr. Johnson. The court declines to rule on that issue. The court GRANTS the defendants' motions to dismiss. With respect to Defendants Dowd and Burgess, the dismissal is with prejudice as those defendants are entitled to absolute immunity. Leave to amend is granted, however, with respect to the plaintiffs' claims against Defendants Johnson, Perry,

---

[2] The Complaint alleges that all defendants "acted in concert" but it does not allege that the parties acted conspiratorially. Acting in concert is not the same as acting conspiratorially.

Beachum, and Dees.  The plaintiffs shall file any amended complaint within seven (7) days from the date of this order.  Barring an amendment that states a claim for which relief may be granted, the court will dismiss the federal law claims and decline to exercise supplemental jurisdiction over any state law claims.

     SIGNED this 26th day of December, 2007.

                                                  _____
                                                  T. JOHN WARD
                                                  UNITED STATES DISTRICT JUDGE